**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **BERNADETTE DICKERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-295-MHT-CWB** |
| | ) | |
| **KOCH FOODS and** | ) | |
| **KOCH FOODS OF ALABAMA, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Bernadette Dickerson filed this action on April 28, 2026 against defendants designated as Koch Foods and Koch Foods of Alabama, LLC. (*See* Doc. 1). The initiating submission is styled "Complaint for Independent Action in Equity" and purports to seek relief from a prior judgment allegedly procured through fraud upon the court. (*See id*.). Those allegations relate to an earlier civil action docketed as 2:20-cv-163-ECM-KFP that was resolved adverse to Dickerson at the summary judgment stage.[1]

But Dickerson exhaustively litigated the same core issues in the original proceedings. For example, she filed a "Motion for Relief from Final Judgment" on July 1, 2024 that similarly purported to be brought under Rule 60(b)(3) for "fraud on the court." (*See* Doc. 92). The argument was rejected by the trial court (*see* Doc. 93), and the trial court's decision was affirmed on appeal (*see* Doc. 110: "[Dickerson's] vague and unsubstantiated claim that the judgment was based on

---

[1] The court takes judicial notice of the record in the prior proceedings. *See* Fed. R. Evid. 201(b)(2); *see also Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (affirming judicial notice of documents publicly filed in legal action); *Thomason v. Alabama Home Builders Licensure Bd.*, No. 2:19-cv-873, 2022 WL 1252378, *1 (M.D. Ala. Apr. 27, 2022) ("Taking judicial notice of filings and orders in a previous action is authorized … .") (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11th Cir. 1999)).

1

fraudulent documents does not meet her burden of proving fraud on the court by clear and convincing evidence."). Dickerson then raised the same argument again in a "Motion for Relief" that likewise purported to invoke Rule 60(b)(3). (*See* Doc. 113: "I am motioning the court to set aside a judgment for fraud on the court … ."). The trial court denied the request (*see* Doc. 118), and the denial was upheld on appeal (*see* Doc. 126). In its most recent March 9, 2026 Opinion, the Eleventh Circuit observed that Dickerson's arguments for relief were the same as those asserted in her prior Rule 60(b)(3) motion and were "patently frivolous." (*Id.*).

The arguments being made by Dickerson in this action arise from the same dissatisfaction with the prior entry of summary judgment and are based upon the same allegations that were made or that could have been made in the original proceedings. "Courts have consistently held that a party is precluded by res judicata from relitigation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action." *Travelers Indem. Co. v. Gore*, 761 F2d 1549, 1552 (11th Cir. 1985) (citation omitted). And the principle applies fully to situations where an independent action raises issues that were litigated post-judgment in a prior action. *See, e.g., Cromity v. City of Orlando*, No. 6:24-cv-1688, 2025 WL 3777013, at *3 (M.D. Fla. Mar. 18, 2025) ("In both her Complaint and her improperly filed Amended Complaint, Plaintiff is attempting to relitigate the Motion to Vacate that was denied in the Original Action. … Plaintiff had a fair opportunity to litigate these issues and, in fact, did litigate them. Therefore, she cannot proceed with this independent action.") (emphasis added).

Accordingly, the Magistrate Judge **RECOMMENDS** that the pending motion to dismiss (Doc. 13) be granted. Moreover, because any amendment of the barred allegations would be futile, the Magistrate Judge further **RECOMMENDS** that the dismissal be entered with prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **June 23, 2026**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 9th day of June 2026.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

3